

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD MARINI,<br><br>              Plaintiff,<br><br>       v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>              Defendant. | Case No. ED CV 13-1400-FMO (PJW)<br><br>[PROPOSED] ORDER DISMISSING<br>ACTION FOR FAILURE TO PROSECUTE |

I.

INTRODUCTION

On August 15, 2013, Plaintiff, proceeding without counsel, filed this action, seeking review of the Social Security Administration's decision denying his claim for social security benefits. On August 19, 2013, the Court ordered Plaintiff to serve Defendant and instructed him on how to do so. The Court also ordered Plaintiff to file a proof of service after completing service (but no later than September 12, 2013) or risk having his case dismissed. Plaintiff has not filed a proof of service nor has he requested an extension of time to do so.

On July 11, 2014, the Court issued an Order to Show Cause as to why the case should not be dismissed for failure to prosecute. The order was mailed to Plaintiff at his last known address. Plaintiff has failed to respond to the order and has, in fact, not had any contact with the Court since filing the Complaint one year ago.

II.

DISCUSSION

This Court has authority to dismiss an action for failure to prosecute in order to ensure "the orderly and expeditious disposition of cases." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 631 (1962) (noting that Rule 41(b) of the Federal Rules of Civil Procedure expressly recognizes this power). In determining whether dismissal for lack of prosecution is proper, the Court weighs several factors, including: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to Defendant, (4) the availability of less drastic sanctions, and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (recognizing court's inherent power to control its docket by dismissal, where appropriate); *see also Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (noting factors to be weighed before dismissing an action for lack of prosecution included public's interest in expeditious resolution of litigation and court's need to manage its docket).

Dismissal of this case is warranted under Rule 41(b). Plaintiff's failure to pursue this action, despite the Court's orders, necessarily implicates both the first and second factors, i.e., the

public's interest in expeditious resolution of litigation and the Court's need to manage its docket efficiently. *Pagtalunan*, 291 F.3d at 642. Indeed, Plaintiff's noncompliance with the Court's orders has caused this case to simply linger on the docket, thereby impermissibly "allowing Plaintiff[] to control the pace of the docket rather than the Court." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted). As to the third factor, the risk of prejudice to Defendant, there is no obvious prejudice to Defendant at this time as it may not even know that the case has been filed.

With respect to the fourth factor, i.e., the availability of less drastic alternatives, the Court could offer Plaintiff another opportunity to respond to its orders. But this course would be time-consuming and no more likely to motivate Plaintiff to meet his obligations than the Court's previous orders. Only the fifth factor to be considered, i.e., the preference for resolving cases on the merits, favors the continuation of this litigation. The Court would prefer to resolve this case on the merits, but, if Plaintiff will not cooperate, this cannot be done. Thus, dismissal pursuant to Rule

public's interest in expeditious resolution of litigation and the Court's need to manage its docket efficiently. *Pagtalunan*, 291 F.3d at 642. Indeed, Plaintiff's noncompliance with the Court's orders has caused this case to simply linger on the docket, thereby impermissibly "allowing Plaintiff[] to control the pace of the docket rather than the Court." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted). As to the third factor, the risk of prejudice to Defendant, there is no obvious prejudice to Defendant at this time as it may not even know that the case has been filed.

With respect to the fourth factor, i.e., the availability of less drastic alternatives, the Court could offer Plaintiff another opportunity to respond to its orders. But this course would be time-consuming and no more likely to motivate Plaintiff to meet his obligations than the Court's previous orders. Only the fifth factor to be considered, i.e., the preference for resolving cases on the merits, favors the continuation of this litigation. The Court would prefer to resolve this case on the merits, but, if Plaintiff will not cooperate, this cannot be done. Thus, dismissal pursuant to Rule

41(b) is warranted. See *Ferdik*, 963 F.2d at 1263 (finding dismissal appropriate where supported by three factors).

IT IS SO ORDERED.

DATED: Aug. 21, 2014.

FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\MARINI, 1400\Ord_dismiss.wpd